IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-459-01 |
| | § | |
| BENITO CIRILO HINOJOSA-GARZA | § | (Civil Action No. H-08-2721) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Benito Cirilo Hinojosa-Garza, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 26). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-08-2721) for reasons set forth below.

## I.     BACKGROUND AND PROCEDURAL HISTORY

On November 8, 2007, a federal grand jury in this district returned an indictment against Hinojosa-Garza, accusing him of illegal reentry into the United States following his deportation or removal based upon a felony conviction. On February 7, 2008, Hinojosa-Garza pleaded guilty to the charges against him. To aid in determining his punishment, the Court instructed the Probation Office to prepare a presentence report ("PSR") under the United States Sentencing Guidelines.

According to the PSR, Hinojosa-Garza's base offense level score was 8 under the

relevant Guideline provision for illegal reentry into the United States after deportation.  The offense level was increased by 12 levels to 20 based on Hinojosa-Garza's prior federal court conviction for a drug trafficking offense.  That total was reduced by 3 levels to 17 for Hinojosa-Garza's acceptance of responsibility.  Hinojosa-Garza's criminal record yielded a score of 11, placing him in Criminal History Category V.  As a result, Hinojosa-Garza faced a sentence of 46-57 months in prison.  In a judgment entered on April 28, 2008, the Court sentenced Hinojosa-Garza at the lowest end of the applicable Guideline range to serve 46 months of imprisonment.  (Doc. # 23).  Hinojosa-Garza did not pursue a direct appeal.

Hinojosa-Garza now seeks relief under 28 U.S.C. § 2255 on the grounds that his sentence was calculated incorrectly.  In particular, Hinojosa-Garza complains that his sentence should not have been increased by 12 levels for his prior conviction for a drug trafficking offense.  Likewise, Hinojosa-Garza appears to seek relief on the grounds that his illegal reentry into the United States was "induced" by several United States corporations, including "McDonald's, Burger King, and Tyson Foods," because of their "widely well-known public unlawful employment practices" of hiring undocumented workers.  His contentions are discussed briefly below under the governing standard of review.

## II.   <u>STANDARD OF REVIEW</u>

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted."

*United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. To establish "cause," a defendant must show that some external impediment prevented him from raising his claim on direct appeal. *See United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 170). In order to establish "prejudice," the defendant must demonstrate "an actual and substantial disadvantage," such that the integrity of the entire underlying proceeding was infected with "error of constitutional dimension." *Id.*

"Other types of error may not be raised in a collateral attack, unless the defendant demonstrates that 'the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice.'" *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting *Shaid*, 937 F.2d at 232 n.7). "If the defendant does not meet this burden . . . , he is procedurally barred from attacking his conviction." *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992).

Hinojosa-Garza proceeds *pro se* in this matter. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See*

3

*Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). However, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

The Court notes that Hinojosa-Garza did not pursue a direct appeal and, therefore, it appears that his claims are procedurally barred as a result. Alternatively, even if not barred, his claims do not merit relief under 28 U.S.C. § 2255.

As his primary claim, Hinojosa-Garza insists that this Court erred by increasing his sentence by 12-levels based on his prior drug-trafficking conviction. A district court's technical application of the Sentencing Guidelines is not cognizable under 28 U.S.C. § 2255. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Further, the Court notes that Hinojosa-Garza was represented by a capable Assistant Federal Public Defender in this matter, who filed no objections to the PSR or the 12-level enhancement. Hinojosa-Garza, who provides only conclusory allegations in support of his

4

claim, does not show that the 12-level enhancement was erroneous in this case or that his counsel was deficient for failing to object.  Thus, Hinojosa-Garza fails to show that he is entitled to relief on this issue.

In addition, Hinojosa-Garza complains that his conviction should be set aside because his illegal entry into the United States was "induced" by the "unlawful employment practices" of various American corporations.  Hinojosa-Garza's allegation, even if true, does not excuse his compliance with the law.  Moreover, this claim is waived by Hinojosa-Garza's voluntary and knowing guilty plea, the validity of which he does not challenge.  *See United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).  His remaining allegations, which are entirely conclusory, do not merit further review.  Accordingly, Hinojosa-Garza fails to demonstrate that he is entitled to relief under 28 U.S. § 2255 and his motion must be denied.

**IV.    CERTIFICATE OF APPEALABILITY**

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability ("COA") is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

5

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct.   Accordingly, a certificate of appealability will not issue.

## V.   **CONCLUSION**

Because the defendant has failed to establish an error of constitutional or jurisdictional

6

magnitude, he is not entitled to relief under 28 U.S.C. § 2255.  Accordingly, the Court

**ORDERS** as follows:

1.      The defendant's motion for leave to proceed *in forma pauperis* (Doc. # 27) is

        **GRANTED**.

2.      The defendant's motion to vacate, set aside, or correct sentence under 28

        U.S.C. § 2255 (Doc. # 26) is **DENIED** and the corresponding civil action (H-

        08-2721) is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy

of this order in the corresponding civil case (Civil Action No. H-08-2721).

SIGNED at Houston, Texas, on <u>October 16</u>, 2008.

Nancy F. Atlas

United States District Judge

7