IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-459-01 |
| | § | |
| BENITO CIRILO HINOJOSA-GARZA | § | (Civil Action No. H-09-0392) |
| | § | |

# **MEMORANDUM AND ORDER**

Pending before the Court is a motion filed by the defendant, Benito Cirilo Hinojosa-Garza, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. # 36). It is his second one. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the defendant's motion and the corresponding civil action (No. H-09-0392) must be dismissed for reasons set forth below.

**I.     BACKGROUND**

On February 7, 2008, Hinojosa-Garza pleaded guilty to charges of illegal reentry into the United States following his deportation or removal based on a felony conviction. After considering a presentence report that was prepared pursuant to the United States Sentencing Guidelines, this Court sentenced Hinojosa-Garza at the lowest end of the applicable advisory Guidelines range to serve 46 months of imprisonment. (Doc. # 23). Hinojosa-Garza did not pursue a direct appeal.

On September 3, 2008, Hinojosa-Garza filed a motion for relief under 28 U.S.C. § 2255 on the grounds that his sentence was calculated incorrectly. This Court denied relief

on October 16, 2008, noting that Hinojosa-Garza's claims were procedurally barred. *See United States v. Hinojosa-Garza*, Civil No. H-08-2721 (S.D. Tex.). In the alternative, the Court noted that Hinojosa-Garza failed to show that his sentence was erroneous or that his counsel was ineffective for failing to object. Hinojosa-Garza has filed a notice of appeal from that decision, which remains pending before the United States Court of Appeals for the Fifth Circuit. *See United States v. Hinojosa-Garza*, No. 09-20082.

Hinojosa-Garza has now filed a second motion for relief from his sentence under 28 U.S.C. § 2255. (Doc. # 36). As with his first motion, Hinojosa-Garza contends primarily that his sentence was calculated incorrectly. Hinojosa-Garza insists that his punishment was wrongfully increased by 12 levels for a prior conviction and that this enhancement was "unconstitutionally added" to the base offense score. He also faults his defense counsel for failing to object to the 12-level enhancement. For reasons explained briefly below, review is not available because the pending motion is an unauthorized application of the type that is prohibited by 28 U.S.C. § 2255.

## II.    DISCUSSION

As noted above, the pending motion under 28 U.S.C. § 2255 is not Hinojosa-Garza's first challenge to his conviction and sentence. A second or successive motion under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

>    and convincing evidence that no reasonable factfinder would
>    have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on
>       collateral review by the Supreme Court, that was previously
>       unavailable.

28 U.S.C. § 2255(h). A motion filed under § 2255 qualifies as "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Hinojosa-Garza's claim that his sentence was calculated incorrectly has been raised and rejected previously. Therefore, his pending § 2255 motion qualifies as a second or successive motion, which requires authorization.

The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). To the extent that the defendant presents new arguments or claims, any explanation that he might present for his prior failure to raise the new claims asserted in the current motion must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive motion in this district court. Absent the

3

requisite authorization, this Court is without jurisdiction to consider Hinojosa-Garza's claims. *See Key*, 205 F.3d at 774.

### III.    CONCLUSION AND ORDER

For all of the foregoing reasons, the Court **ORDERS** as follows:

1. The defendant's pending § 2255 motion (Doc. # 36) and the corresponding civil action (H-09-0392) are **DISMISSED** without prejudice for lack of jurisdiction.

2. To the extent that one is required, a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 23, 2009.

_____
Nancy F. Atlas
United States District Judge